UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET HANSON and
DAVID HANSON,

      Plaintiffs,

v.                                                      Case No. 12-12975

DEUTSCHE BANK NATIONAL
TRUST CO., et al.,

      Defendants.
                                   /

**OPINION AND ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS AND CANCELLING OCTOBER 10, 2012 MOTION HEARING**

On August 29, 2012, the court entered an order directing Plaintiffs to show cause why this case should not be dismissed due to their failure to file a response to Defendants' motion to dismiss the complaint. The deadline set forth in that order has now expired without any filing from Plaintiffs. As a result, the court deems it appropriate to consider Defendants' motion unopposed. For this reason, and because the statutory redemption period following the foreclosure proceedings Plaintiffs seek to challenge has expired, the court will grant the motion.

**I. BACKGROUND**

On February 23, 2007, Plaintiffs signed a promissory note and mortgage instrument secured by their home in Rochester Hills, Michigan. Eventually this mortgage was foreclosed upon, allegedly by one or more of Defendants, and the house sold at a sheriff's sale held on April 5, 2011. Plaintiffs initiated this lawsuit in the

Oakland County Circuit Court on March 23, 2012, stating various causes of action arising from the foreclosure.

Defendants removed the case to this court based upon diversity-of-citizenship jurisdiction, and on July 16, 2012, they filed a fully dispositive motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  When, by August 29, 2012, no response had been filed, the court ordered Plaintiffs to show cause why Defendants' motion should not be granted.  Again, Plaintiffs neglected to respond.  In fact, Plaintiffs have taken no action in this matter since their case was removed to this court on July 6, 2012, and they have not answered inquiries by the court's staff as to the status of this litigation.

## II.  STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), otherwise it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for "fail[ing] to state a claim upon which relief can be granted," *id.* 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "stat[ing] a claim to relief that is plausible on its face," *id.* at 570.  A claim is facially plausible when the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.  DISCUSSION

As pointed out in the court's show cause order, Local Rule 7.1(e)(1)(B) required Plaintiffs to respond in opposition within twenty-one days after service of Defendants' motion to dismiss.  They did not do so, and the court now has the discretion to deem the motion unopposed.  *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Scott v. Tennessee*, 878 F.2d 382, at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").  Such motions are often granted.  *Zayed v. United States*, 221 F. Supp. 2d 813, 815 n.1 (N.D. Ohio 2002).

Moreover, Defendants are correct that Plaintiffs are barred from bringing their claims because their interest in the foreclosed property was extinguished after the statutory redemption period ended on October 5, 2011.  *See* Mich. Comp. Laws §§ 600.3236, 600.3240.  As another judge on this court recently explained:

> In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court specifically held that the mortgagors in that case had "lost all their rights, title, and interest in and to the property at the expiration of their right of redemption." *Id.* 302 Mich. at 185, 4 N.W.2d at 516. The *Piotrowski* standard has consistently been applied by Michigan state and federal courts to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g., Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, 2010 WL

5173830 (E.D. Mich. Dec.15, 2010) (dismissing action seeking a declaratory judgment voiding foreclosure proceedings).

*Snell v. Wells Fargo Bank*, No. 11-CV-12018, 2012 WL 1048576, at *2 (E.D. Mich. Mar. 28, 2012). Plaintiffs here waited months after the expiration of the redemption period to file suit, and are therefore unable to challenge any defects in the foreclosure proceedings or to allege any other claims with respect to the property. Defendants' motion to dismiss on this ground is well taken, especially considering the lack of opposition by Plaintiffs, and the court will grant it. *Accord Sabharwal v. Chase Mortg. Bank*, No. 11-13138, 2012 WL 1050021 (E.D. Mich. Mar. 7, 2012), *adopted*, 2012 WL 1049909 (E.D. Mich. Mar. 28, 2012).

## IV.  CONCLUSION

Accordingly, IT IS ORDERED that Defendants' unopposed motion to dismiss [Dkt. # 3] is GRANTED. Plaintiffs' complaint is hereby DISMISSED.

IT IS FURTHER ORDERED that the October 10, 2012 motion hearing [Dkt. # 4] is CANCELLED.

                                        s/Robert H. Cleland  
                                        ROBERT H. CLELAND  
                                        UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 11, 2012, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522